IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DARIUS HOLLAND, as Special Administrator of the Estate of Josephus Holland, and DARIUS HOLLAND, Individually** | ) ) ) ) | |
| Plaintiffs, | ) | **CIVIL NO. 13-136-GPM** |
| vs. | ) ) ) | |
| **ACE HARDWARE CORPORATION et al.,** | ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

     This matter comes before the Court on a motion filed by Plaintiffs Darius Holland Special Administrator of the Estate of Josephus Holland and Darius Holland in his individual capacity (Doc. 23). On November 30, 2012, Plaintiffs filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Doc. 2). Defendant, United Technologies Corporation ("UTC") removed the case here to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, which is often referred to as federal officer subject matter jurisdiction (Doc. 2).

     A review of Plaintiffs' motion reveals that a request for two types of relief: dismissal and remand (Doc. 23). Plaintiffs move this Court to dismiss UTC *without* prejudice pursuant to stipulation between Plaintiffs and UTC (Doc. 23). Certainly, there can be no objection to this, and UTC is therefore **DISMISSED without prejudice** pursuant to stipulation. Plaintiffs also ask the Court to remand this case to the state court from whence it came since the removing party,

which availed itself of federal officer subject matter jurisdiction, is no longer a defendant (Doc. 23).

As a general principle, "jurisdiction once properly invoked is not lost by developments after a suit is filed . . . ." *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010). Moreover, when all the federal claims that authorized removal drop out of the case before trial, under 28 U.S.C. § 1367(c)(3) it is within the Court's discretion whether to remand the existing state-law claims to state court. *See Helms v. Atrium Health Care & Rehab. Ctr. of Cahokia, LLC*, Civil No. 10-547-GPM, 2010 U.S. Dist. LEXIS 106363 (S.D. Ill. Oct. 5, 2010). When the United States' presence as a party to the case was the basis for removal, and is later dismissed as a party, then it is within the Court's discretion whether to remand the existing state-law claims to state court. This same concept along with the reasoning employed in *Helms* extends to the instant case where the basis for removal was federal officer subject matter jurisdiction. 28 U.S.C. §§ 1442(a)(1).

Accordingly, if the remaining Defendants wish to lodge an objection to Plaintiffs' motion to remand (Doc. 23), then the objection must be submitted **on or before March 28, 2013**. The Court will *consider* any objection lodged in its discretionary decision whether to remand the case to state court. If there are no objections, then the case will simply be remanded to state on March 29, 2013. The Clerk of the Court is **DIRECTED** to **TERMINATE** Defendant United Technologies Corporation as a party to this action.

**IT IS SO ORDERED.**

**DATED**: March 13, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge