IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DARIUS HOLLAND, as Special Administrator of the Estate of Josephus Holland, and DARIUS HOLLAND, Individually** | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL NO. 13-136-GPM |
| vs. | ) ) | |
| **ACE HARDWARE CORPORATION et al.,** | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on a joint motion to dismiss filed by Plaintiff Darius Holland Special Administrator of the Estate of Josephus Holland and Darius Holland in his individual capacity (Doc. 51). On November 30, 2012, Plaintiff filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Doc. 2). Defendant, United Technologies Corporation ("UTC") removed the case here to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, which is often referred to as federal officer subject matter jurisdiction (Doc. 2).

On March 11, 2013, Plaintiff moved this Court to dismiss UTC *without* prejudice pursuant to stipulation between Plaintiff and UTC (Doc. 23). The Court granted this motion (Doc. 25). Plaintiff's motion to dismiss also asked the Court to remand the case to state court if the Court granted the dismissal of UTC (Doc. 23). Plaintiff reasoned that once UTC was no

longer a party to this matter, federal subject matter jurisdiction ceased and the desire for a federal forum became moot (Doc. 23).

The Court granted Plaintiff's motion to dismiss, but allowed the remaining Defendants additional time to lodge objections to the motion to remand (Doc. 25). Defendant Northrop Grumman ("Northrop") timely lodged an objection to Plaintiff's motion to remand (Doc. 36). Northrop claimed that federal officer subject matter jurisdiction had not ceased because Northrop is also a person under the Federal Officer Removal Statute (Doc. 36). Plaintiff filed a response in opposition, claiming that since Northrop failed to timely join UTC's notice of removal or file its own notice of removal, the opportunity for Northrop to avail itself of federal officer subject matter jurisdiction had been lost (Doc. 40).

The matter was set for oral argument, but due to some confusion, oral argument was rescheduled for June 10, 2013 (Doc. 49). Now, Plaintiff and Northrop have reached an agreement pursuant to Federal Rule of Procedure 41 to dismiss Northrop from this action without prejudice (Doc. 51). Accordingly, Plaintiff's motion to dismiss Northrop from this case *without prejudice* (Doc. 51) is **GRANTED**.

Following the same logic previously articulated in its motion to dismiss UTC (Doc. 23), Plaintiff now seeks again to have this case remanded to state court (Doc. 51). The Court notes that, "jurisdiction once properly invoked is not lost by developments after a suit is filed . . . ." *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010). Moreover, when all the federal claims that authorized removal drop out of the case before trial, under 28 U.S.C. § 1367(c)(3) it is within the Court's discretion whether to remand the existing state-law claims to state court. *See Helms v. Atrium Health Care & Rehab. Ctr. of Cahokia, LLC*, Civil No. 10-547-

GPM, 2010 U.S. Dist. LEXIS 106363 (S.D. Ill. Oct. 5, 2010).  Without delving into the merits of Northrop's objection to remand, once UTC was dismissed, the reasoning employed in *Helms* became relevant in this case.

Here, the Court finds Plaintiff's request for remand is appropriate; the motion to remand to state court (Doc. 51) is **GRANTED**.  Northrop was the only Defendant to object to Plaintiff's initial motion to remand.  Northrop is no longer a party to this action and therefore its objection to remand and all other pending motions filed by Northrop (Docs. 29 & 41) are **MOOT**.  Moreover, all additional pending motions (Doc. 23 & 47) are **DENIED as MOOT**.  Remand of this case is indeed appropriate; this matter is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.  The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED**: May 31, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge